## (November 13, 1974)

█ In the Matter of ROSS DI LORENZO, Petitioner, v. JOHN M. MURTAGH, as Presiding Justice of the Extraordinary Special Trial Term, Kings County,

et al., Respondents.— Proceeding pursuant to article 78 of the CPLR to prohibit respondents from proceeding to retry petitioner upon Counts Nos. 1, 2, 5, 6 and 8 of indictment S. P. O. K.— 3/1973, in which proceeding petitioner also seeks dismissal of said indictment. The extant counts are the said five counts and Count No. 7. Petition granted, on the law, to the extent of prohibiting retrial upon Counts Nos. 1, 2, 5, 6 and 8 and said counts of the indictment are dismissed. In all other respects the application is denied. Petitioner was indicted upon eight counts of perjury in the first degree and one count of obstructing governmental administration. The latter count was dismissed prior to trial; the jury acquitted petitioner on two of the perjury counts (Counts Nos. 3 & 4), but deadlocked on the remaining counts after almost two days of deliberations. We find that the trial court's acceptance of a partial verdict, discharge of the jury and declaration of a mistrial as to the remaining perjury counts were entirely proper upon the record (CPL 310.60, 310.70). Furthermore, petitioner's counsel consented thereto (CPL 310.60, subd. 1, par. [b]); and, on the facts before us, petitioner is bound by his counsel's action. Nevertheless, we agree that a retrial on the unresolved Counts Nos. 1, 2, 5, 6 and 8 is barred by CPL 310.70, which, prior to the 1974 amendment (L. 1974, ch. 762, eff. Sept. 1, 1974), permitted a retrial only upon unresolved counts which are "consecutive * * * as to every count upon which the jury did render a verdict". Petitioner was charged with committing perjury during this court's disciplinary proceeding into his fitness for office. The alleged perjuries occurred both before (1) Solomon Klein, Esq., who had been appointed by this court to conduct a preliminary inquiry into charges that petitioner had attempted to improperly influence a Waterfront Commission investigation, and (2) Judge Dempsey, who was conducting the formal disciplinary hearing. Assuming, *arguendo*, that convictions for perjury committed before Judge Dempsey, on the one hand, could result in sentences consecutive to those imposed upon convictions for perjury before Mr. Klein, on the other hand, although convictions on the Klein or Dempsey counts would result in concurrent sentences *inter se*, the fact remains that petitioner has already been acquitted of one count of perjury before Mr. Klein and one count of perjury before Judge Dempsey. Thus, the unresolved counts are *not* consecutive "as to *every* count upon which the jury did render a verdict" (emphasis added), and the statutory language bars petitioner's retrial upon the unresolved counts. We note that the 1974 amendment to the retrial provision of CPL 310.70 resulted from criticism that the former provision was too restrictive and would lead to injustices (see, e.g., *People* v. *Seymour*, 74 Misc 2d 2). However, that amendment is not applicable to the case at bar. We do not deal with Count No. 7 of the indictment, since that count is based upon facts independent of the subject matter of the other unresolved counts (i.e., petitioner's version of his 1967 luncheon meeting with a Waterfront Commission assistant counsel). Hopkins, Acting P. J., Latham, Christ, Brennan and Munder, JJ., concur.